UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY JACKSON, 02-A-6522,

        Plaintiff,

        -v-

S. MCPARTLAND, et al.,

        Defendants.

DECISION AND ORDER
06-CV-6524 CJS

---

INTRODUCTION

On May 11, 2007, the Court granted Plaintiff permission to proceed *in forma pauperis* in this action, pursuant to 28 U.S.C. sec 1915(a). (Decision and Order [#9]). However, at that time the Court was not aware that at least four of Plaintiff's prior lawsuits had been dismissed pursuant to 28 U.S.C. sec 1915(e).[1] On January 2, 2008, this fact was brought to the Court's attention when Defendants moved to dismiss the action pursuant to 28 U.S.C. sec 1915(g), alleging that Plaintiff has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and that Plaintiff is not "under imminent danger of serious physical injury." *See*, 28 U.S.C. sec 1915(g). For the reasons discussed below, the grant of permission to proceed *in forma pauperis* is revoked, and

---

[1] Those prior actions are: *Jackson v. State of New York*, 05-CV-00513-MBM (S.D.N.Y.), *Jackson v. Hellmer*, 05-CV-07705-MBM (S.D.N.Y.), *Jackson v. Morgenthau*, 06-CV-14406-KMW (S.D.N.Y.), and *Jackson v. Goord*, 06-CV-14407-KMW (S.D.N.Y.). See, Bruce Affirmation [#17], Exhibits A-D.

Plaintiff is directed to respond to this Order by paying the requisite filing fee by **April 30, 2008**, otherwise this action will be dismissed without prejudice.

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. sec 1983, alleging that on December 23, 2005, while he was incarcerated at Attica Correctional Facility ("Attica"), he was viciously beaten by a group of corrections officers. As of September 8, 2006, the date Plaintiff commenced this action, he had been transferred to Upstate Correctional Facility ("Upstate"), where he is currently housed. Neither Plaintiff's original Complaint in this action (*See*, Document [#6]) nor his Amended Complaint [#10] alleged that he was "under imminent danger of serious physical injury." In opposition to Defendants' motion to dismiss, Plaintiff does not dispute that the aforementioned dismissals count as "strikes" for purposes of 28U.S.C. sec 1915(g), nor does he claim that he faced imminent danger of physical harm at the time he commenced this action, or at any time since. Instead, Plaintiff states that he "does in fact face imminent danger of serious physical injuries in the future if [he] is ever readmitted back into Attica Correctional Facility." (Plaintiff's "Notice of Motion" [#20]).

The Second Circuit has determined that the 'imminent danger' exception § 1915(g) only applies to danger existing at the time the complaint is filed. *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002). In the instant case, even construing the *pro se* Plaintiff's Complaint and Amended Complaint liberally, as the Court is required to do, it is clear that Plaintiff has not alleged that he was in imminent danger at the time he filed this lawsuit. Instead, he alleges that he could be in danger in the future, provided that he is transferred

back to Attica. Accordingly, the Court concludes that plaintiff has not met the requirement of the imminent danger exception to the "three strikes" rule. *See, e.g., McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998) ("The exception does not apply on the facts of this case. Plaintiff's complaint does not allege that he is in imminent danger of serious physical injury, nor could he make such an allegation on the facts asserted in this complaint, none of which involve his present incarceration.").

## CONCLUSION

As the District Court for the Northern District of New York stated, in *Polanco v. Burge*, No. 9:05-CV-0651 (LEK/DRH), 2006 WL 2806574 at *2 (N.D.N.Y. Sep. 28, 2006) (citation omitted), "[w]hen a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g)." Since Plaintiff's allegations do not meet the imminent danger exception to the "three strikes" rule of 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis*. Accordingly, the Court revokes its previous determination permitting plaintiff to proceed *in forma pauperis* and grants Plaintiff until **April 30, 2008** to pay the applicable court filing fee, which at the time his complaint was originally filed, was $350.00.[2] In the event that plaintiff does not pay the filing fee by **April 30, 2008**, the action will be dismissed without prejudice.

SO ORDERED.

Dated:     March 3, 2008
           Rochester, New York

                                               /s/ Charles J. Siragusa
                                               CHARLES J. SIRAGUSA
                                               United States District Judge

---

[2]Effective April 9, 2006, the filing fee for civil actions increased from $ 250.00 to $ 350.00 for all civil actions filed on or after April 9, 2006. This action was filed on September 8, 2006.